IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS, | No. C 09-00722 CW (PR) |
| Plaintiff, | ORDER OF SERVICE AND ADDRESSING PLAINTIFF'S PENDING MOTIONS |
| v. | |
| OAKLAND POLICE OFFICER WILLIAM BERGERON, et al., | (Docket nos. 13, 18) |
| Defendants. / | |

Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper because the events giving rise to the claims are alleged to have occurred in Alameda County, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names Oakland Police Department (OPD) Officer William Bergeron[1] and several Doe Defendants. Plaintiff seeks monetary damages.

Plaintiff has filed a "Motion Requesting for an Order to be Issued for Defendants to Respond," which the Court construes as a motion to screen the complaint. The Court GRANTS Plaintiff's motion and will screen the complaint below.

Plaintiff has also filed a "Motion to Obtain Records From Police Department Incident Reports." His motion, which the Court construes as a discovery motion, is DENIED as premature, as explained below.

---

[1] Plaintiff named "Officer Bergeron" in his complaint. Clerk's staff was informed that there is only one Officer Bergeron at OPD. His first name is William, and his badge number is 7828.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Legal Claims

   A.   Retaliation Claim

Plaintiff alleges several acts of retaliation by Defendant Bergeron and other OPD officers, including: (1) on August 12, 2007, an unnamed OPD officer pulled Plaintiff over for a "faulty moving violation" and "subjected [him] to humiliating insulting body-cavity searches of [his] rectum area;" (2) August 18, 2007, Defendant Bergeron wrongfully charged Plaintiff with possession of crack cocaine only to have the "charges later dismissed;" and (3) on September 1, 2007, two unnamed OPD officers stopped

2

Plaintiff for a "warrant check" and subjected him to an "anal-cavity body search." (Compl. at 3a-b.)[2] Plaintiff alleges that Defendants' actions were in retaliation against him because he received "a 2006 settlement rendered by City of Oakland for misconduct by its Oakland Police Officers." Plaintiff is referring to his previous suit against OPD officers in Case no. C 01-04972 (CW) (PR), which was dismissed with prejudice pursuant to a settlement on May 25, 2006.

Citizens may not be retaliated against for exercising their right of access to the courts. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). This constitutional prohibition clearly includes retaliation for filing a complaint. See Sorrano's Gasco v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In 1999, the Ninth Circuit granted qualified immunity to a defendant on grounds that it was not clearly established that it is unconstitutional to retaliate against an individual who already had fully accessed the courts by winning a case. See Lytle v. Wondrash, 182 F.3d 1083, 1087, 1089 (9th Cir. 1999).

In the present case, Plaintiff too has fully accessed the courts because his previous suit was dismissed pursuant to a settlement. Nonetheless, the Court finds that, liberally construed, Plaintiff's claim for retaliation is cognizable. See id.

B.   Claim Against Unnamed Defendants

Plaintiff refers to several unnamed OPD officers (in the August 12, 2007 and September 1, 2007 incidents), whose names he

---

[2] Attached to Plaintiff's complaint are two handwritten pages summarizing Plaintiff's version of the facts; however, they are not numbered. The Court will number these pages as 3a and 3b.

3

intends to learn through discovery. Plaintiff claims that he has been unable to "obtain documentation" relating to these two incidents from the "Records Division of Oakland's Police Department and its Internal Affairs Division, where a complaint was lodged in these incidents." (Compl. at 3b.) Furthermore, Plaintiff claims that since his "first complaint in federal court [was] dismissed without prejudice," he has "been pulled over continuously and subjected to searches for no probably cause."[3] (Id.)

Where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the unnamed defendants are DISMISSED from this action without prejudice. Should Plaintiff learn the identity of the unnamed defendants through discovery, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

III. Discovery Motion

Plaintiff has filed a "Motion to Obtain Records From Police Department Incident Reports," which the Court construes as a discovery motion. He asks the Court to direct the OPD to produce

---

[3] Plaintiff does not specify which of his previous suits he is referring to, but the Court notes that he pursued the same claims as the present case in Case no. C 07-6096 CW (PR). That case was dismissed without prejudice on May 16, 2008 because Plaintiff failed to comply with the Court's March 17, 2008 Order directing him to submit a non-prisoner application for leave to proceed in forma pauperis.

4

1    the "incident reports" stemming from the incidents he alleged in
2    his civil rights complaint, in which he was "pulled over in [his]
3    vehicle and pedestrian stops by [OPD] . . . from 2007-2009."
4    (Discovery Mot. at 1.)
5         Only when the parties have a discovery dispute that they
6    cannot resolve among themselves may they ask the Court to intervene
7    in the discovery process.  Here, the parties have not yet begun the
8    discovery process.  Accordingly, Plaintiff's discovery motion is
9    premature.  Moreover, it may be that Plaintiff will obtain some
10   sought-after discovery by way of Defendant's dispositive motion and
11   accompanying exhibits, <u>a copy of which shall be served upon
12   Plaintiff by Defendant</u>.  For these reasons, Plaintiff's discovery
13   motion (docket no. 13) is DENIED as premature.  Discovery may be
14   taken in this action in accordance with the Federal Rules of Civil
15   Procedure, as directed below.

                              CONCLUSION
17        For the foregoing reasons, the Court orders as follows:
18        1.   Plaintiff's "Motion Requesting for an Order to be Issued
19   for Defendants to Respond" (docket no. 18), which the Court
20   construed as a motion to screen the complaint is GRANTED.
21        2.   Plaintiff presents a constitutionally cognizable
22   retaliation claim against Defendant Bergeron.
23        3.   The claims against the unnamed defendants are DISMISSED
24   WITHOUT PREJUDICE.
25        4.   Plaintiff's "Motion to Obtain Records From Police
26   Department Incident Reports" (docket no. 13), which the Court
27   construed as a discovery motion, is DENIED as premature.
28        5.   The Clerk of the Court shall mail a Notice of Lawsuit and

**United States District Court**
For the Northern District of California

5

1  Request for Waiver of Service of Summons, two copies of the Waiver
2  of Service of Summons, a copy of the complaint and all attachments
3  thereto (docket no. 1) and a copy of this Order to <u>OPD Officer</u>
4  <u>William Bergeron (Badge no. 7828)</u>.  The Clerk of the Court shall
5  also mail a copy of the complaint and a copy of this Order to the
6  Alameda County Counsel's Office.  Additionally, the Clerk shall
7  mail a copy of this Order to Plaintiff.
8       6.   Defendant is cautioned that Rule 4 of the Federal Rules
9  of Civil Procedure requires Defendant to cooperate in saving
10 unnecessary costs of service of the summons and complaint.
11 Pursuant to Rule 4, if Defendant, after being notified of this
12 action and asked by the Court, on behalf of Plaintiff, to waive
13 service of the summons, fails to do so, Defendant will be required
14 to bear the cost of such service unless good cause be shown for
15 their failure to sign and return the waiver form.  If service is
16 waived, this action will proceed as if Defendant had been served on
17 the date that the waiver is filed, except that pursuant to Rule
18 12(a)(1)(B), Defendant will not be required to serve and file an
19 answer before <u>sixty (60) days</u> from the date on which the request
20 for waiver was sent.  (This allows a longer time to respond than
21 would be required if formal service of summons is necessary.)
22 Defendant is asked to read the statement set forth at the foot of
23 the waiver form that more completely describes the duties of the
24 parties with regard to waiver of service of the summons.  If
25 service is waived after the date provided in the Notice but before
26 Defendant has been personally served, the Answer shall be due <u>sixty</u>
27 <u>(60) days</u> from the date on which the request for waiver was sent or
28 <u>twenty (20) days</u> from the date the waiver form is filed, whichever

6

is later.

7.  Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.  No later than <u>ninety (90) days</u> from the date Defendant's answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>sixty (60) days</u> after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the

7

> defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.  If Defendant wishes to file a reply brief, Defendant shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    8.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

1  9.  All communications by Plaintiff with the Court must be
2 served on Defendant, or Defendant's counsel once counsel has been
3 designated, by mailing a true copy of the document to Defendant or
4 Defendant's counsel.

5  10.  It is Plaintiff's responsibility to prosecute this case.
6 Plaintiff must keep the Court informed of any change of address and
7 must comply with the Court's orders in a timely fashion.

8  11.  Extensions of time are not favored, though reasonable
9 extensions will be granted.  Any motion for an extension of time
10 must be filed no later than <u>fifteen (15) days</u> prior to the deadline
11 sought to be extended.

12  12.  This Order terminates Docket nos. 13 and 18.

13  IT IS SO ORDERED.

14 Dated: 5/11/2010

*/s/ Claudia Wilken*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

<div style="margin-left:auto; margin-right:0; text-align:left;">

**United States District Court**
For the Northern District of California

</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,

    Plaintiff,

v.

OAKLAND POLICE DEPARTMENT et al,

    Defendant.

Case Number: CV09-00722 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins PFN #AKV-006
Santa Rita Jail
5325 Broder Blvd
Dublin, CA 94568

(additional documents mailed to the party below are:   Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments )

OPD Officer William Bergeron (Badge no. 7828)
455-7th Street
Oakland, CA 94607-3985

(additional documents mailed to the party below are:  a copy of the complaint)

Alameda County Counsel's Office
1221 Oak Street, Suite 450
Oakland, CA 94612

Dated: May 11, 2010

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk