IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS, | No. C 09-00722 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO STAY SUMMARY JUDGMENT, APPOINT COUNSEL AND PROVIDE COURT-ORDERED ACCESS TO LITIGATION MATERIALS; SETTING BRIEFING SCHEDULE |
| v. | |
| OAKLAND POLICE OFFICER WILLIAM BERGERON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a State prisoner, has filed a <u>pro se</u> complaint under 42 U.S.C. § 1983.  On May 11, 2010, the Court found the allegations in the complaint state a cognizable claim for retaliation against Defendant Officer William Bergeron of the Oakland Police Department (OPD) and ordered the complaint served on said Defendant.  Additionally, the Court dismissed without prejudice Plaintiff's claims against unnamed Doe Defendants and informed Plaintiff that should he learn the identity of the unnamed Defendants through discovery he may move to file an amendment to the complaint to add them as named defendants.

On December 22, 2010 Defendant Bergeron filed a motion for summary judgment in which Bergeron argues, <u>inter</u> <u>alia</u>, that he is entitled to judgment on grounds of qualified immunity.

Now pending before the Court are Plaintiff's motions to serve Defendants, stay summary judgment, appoint counsel and direct the Contra Costa County's Sheriff's Department to provide Plaintiff with access to litigation materials.

For the following reasons, Plaintiff's motions will be denied.

//

A.  <u>Motion to Serve Defendants</u>

On January 18, 2011 Plaintiff submitted a letter to the Court stating he had not received notice that Defendants had been served and asking the Court to issue an order of service.

As noted above, on May 11, 2010 the Court ordered service of the complaint on Defendant Bergeron and dismissed the Doe Defendants without prejudice, and on December 22, 2010 Bergeron filed a motion for summary judgment.  Consequently, Plaintiff's motion for the Court to serve Defendants is DENIED as moot.

B.  <u>Renewed Motion to Appoint Counsel</u>

On September 16, 2009 the Court denied Plaintiff's request for the appointment of counsel to represent him in this action on the grounds that it was premature for the Court to determine Plaintiff's likelihood of success on the merits and Plaintiff had been able to articulate his claims adequately <u>pro se</u> in light of the complexity of the issues involved.  The Court informed Plaintiff that he could file a renewed motion for the appointment of counsel after the filing of Defendant's dispositive motion.

After Defendant filed his motion for summary judgment on December 22, 2010 Plaintiff filed a renewed motion for the appointment of counsel on the following grounds: (1) because of his frequent changes of address he did not become aware of Defendant's summary judgment motion until January 12, 2011, (2) he is uneducated and not familiar with civil litigation, and justice would be better served if counsel could file papers on Plaintiff's behalf so that Plaintiff will not "bombard the court with onslaught of paperwork confusing the court process" (Docket no. 41 at 2), and

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  (3) counsel can ensure Plaintiff's full participation in the

2  discovery process.

3      Plaintiff's renewed motion for the appointment of counsel is

4  DENIED.  To date, Plaintiff has not shown a likelihood of success

5  on the merits of his claims against Defendant Bergeron and he has

6  been able to articulate his claims adequately pro se in light of

7  the complexity of the issues involved.  The Court will not

8  entertain further motions for the appointment of counsel until

9  Defendant's motion has been briefed fully.

10 C.  Motion to Stay Summary Judgment

11     Plaintiff moves for an extension of time to file opposition to

12 Defendant's motion for summary judgment and to stay Defendant's

13 motion on the ground Plaintiff has not had adequate opportunity to

14 engage in discovery to oppose Defendant's motion.  Specifically,

15 Plaintiff states he has been hindered in his ability to oppose

16 Defendant's motion because he did not receive said motion until

17 January 20, 2011, he has limited law library access and he needs to

18 engage in discovery in order to find witnesses who viewed

19 Defendant's alleged retaliatory acts against Plaintiff.

20     Rule 56(d) of the Federal Rules of Civil Procedure provides a

21 procedure by which a party may avoid summary judgment when such

22 party has not had sufficient opportunity to discover affirmative

23 evidence necessary to oppose the motion.  See Garrett v. San

24 Francisco, 818 F. 2d 1515, 1518 (9th Cir. 1987).[1]  In particular,

25 Rule 56(d) provides that a court may deny a summary judgment motion

26 _____

27     [1]Garrett cites Rule 56(f), the subsection in which the
provisions pertaining to a party's inability to present facts

28 essential to justify its opposition formerly were set forth; as of
December 1, 2010, the applicable provision is Rule 56(d).  See Fed.
R. Civ. P. 56.

United States District Court
For the Northern District of California

and permit the opposing party to conduct discovery where it appears
that the opposing party, in the absence of such discovery, is
unable to present facts essential to opposing the motion.  Fed. R.
Civ. P. 56(d).

Here, the Court finds a stay of Defendant's motion for summary
judgment to allow Plaintiff to engage in further discovery prior to
filing his opposition is unwarranted.  The Court ordered service of
the complaint on Defendant more than one year ago and, in so doing,
informed the parties that they could engage in discovery.  Further,
Plaintiff received Defendant's summary judgment motion more than
five months ago.  Plaintiff has provided no compelling reason why
he has not completed discovery heretofore and requires additional
time to do so.  Moreover, Defendant has moved for summary judgment
on grounds of qualified immunity.  Under well-established
precedent, a district court should stay discovery until the
threshold question of qualified immunity is settled.  See Harlow v.
Fitzgerald, 457 U.S. 800, 818 (1982); Dimartini v. Ferrin, 889 F.2d
922, 926 (9th Cir. 1989), amended, 906 F.2d 465 (9th Cir. 1990),
cert. denied, 501 U.S. 1204 (1991).  Accordingly, Plaintiff's
motion to stay Defendant's motion for summary judgment is DENIED.
If Plaintiff intends to oppose Defendant's motion, he shall do so
in accordance with the briefing schedule set forth in the
Conclusion of this Order.

D.   Motion for Order to Provide Access to Litigation Materials

On May 12, 2011, Plaintiff, who is incarcerated currently at
the West County Detention Facility in Contra Costa County, filed a
motion complaining that jail officials are not respecting his pro
per status and asking the Court to compel them to provide him with

4

access to writing materials, library access, unlimited postage and other supplies he maintains are essential to litigating his pending actions in this court.

The Court finds such intervention in jail procedures unwarranted at this time. In particular, the Court takes judicial notice that Plaintiff recently filed a type-written complaint in a newly-filed action in this court, see Hopkins v. Contra Costa County Sheriff's Office, et al., No. C 11-02803 JSW (PR) (complaint filed June 8, 2011), and a type-written motion renewing his request for the appointment of counsel in Hopkins v. San Francisco Police Dep't et al., No. C 09-4578 CW (PR) (motion filed June 20, 2011). Additionally, Plaintiff can show this Order to jail officials to verify that he is proceeding in this matter pro se and has a due date for filing his opposition to Defendant's motion for summary judgment. Accordingly, Plaintiff's motion for court-ordered access to litigation materials is DENIED.

                              CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's motion to serve Defendants is DENIED as moot.

2.   Plaintiff's renewed motion to appoint counsel is DENIED without prejudice.

3.   Plaintiff's motion to stay summary judgment is DENIED.

4.   Plaintiff's motion for court-ordered access to legal materials is DENIED.

5.   The parties shall abide by the following briefing schedule:

        a.   Plaintiff shall serve on Defendant and file with the Court his opposition to Defendant's summary judgment motion no

later than **August 5, 2011**.

      b.   Defendant <u>shall</u> file a reply brief to Plaintiff's opposition no later than **August 19, 2011**.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.   No extensions of time with respect to the above deadlines will be granted absent compelling circumstances.

7.   This Order terminates Docket nos. 34, 41, 46 and 50.

IT IS SO ORDERED.

Dated: 7/12/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,

               Plaintiff,

     v.

OAKLAND POLICE DEPARTMENT et al,

               Defendant.
_____/

Case Number: CV09-00722 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins CC11C2851
West County Detention Facility
5555 Giant Highway
Richmond,  CA 94806

Dated: July 12, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

7